ROBERT L. BLAND, Judge.
Claimant, George Coy, Jr., of Kessler, Greenbrier county, West Virginia, by George Coy, Sr., his next friend and father, filed his'claim in this court on September 10, 1944, in the sum of $5,000.00, which amount, in equity and good conscience, he maintains should be discharged and paid by the state of West Virginia.
His petition alleges that on April 29, 1943, when he was fifteen years of age, by an order entered by the circuit court of Greenbrier county, he was duly committed to the West Virginia industrial school for boys, at Pruntytown, in Taylor county, -West Virginia; and that on June 4, 1943, while in said school he was assigned and directed by the proper authorities thereof to work in the laundry, maintained and operated by the state of West Virginia on the premises of said school; that at the time he was so assigned and directed he was a youth of fifteen *50 years of age, and had never had any prior experience in working in a laundry or with or about machinery of any kind, and that he did not know and did not appreciate or understand, nor was his attention drawn or directed to the extremely dangerous and hazardous character of the work which he was required to do. He charges that it became and was the duty of the state, through its agents and servants in charge of said school, and laundry, by reason of his extreme youth and inexperience, to advise and inform him fully of the risk, danger and hazard incident to his work in the operation of said laundry, and to warn him against the danger to which he would be subjected in the performance of such work. He says that notwithstanding such duty, neither at the time of said assignment and direction nor while he was so employed in the said laundry did any person or persons connected with the school and laundry give him any instructions respecting the operation of the machinery and appliances used in and about the operation of the laundry, or warn him of the risks, danger and hazard to him in the operation of said machinery and appliances.
Claimant further alleges that notwithstanding the duty of the state and its agents and servants, he was assigned to operate what is known as an “extractor" which is in itself a dangerous instrumentality, and without any instructions or warning as to such danger; that at one time such extractor had been equipped with a lid or cover, but the same had been removed or lost for a number of months, and that while so operating said extractor he got his left arm caught in its machinery and mechanism, and the same was so bruised and mangled that it had to be amputated very near the shoulder, thus crippling him for life.
The attorney general has moved to dismiss the claim upon the ground that it is a claim for injury to an inmate of a state penal institution, which is excluded by section 14, article 2, chapter 14 of the code.
Claimant, in his petition, has seen fit to allege that said industrial school for boys is not a penal institution within the *51 contemplation of section 14, of the act creating the Court of Claims.
Section 14, article 2, chapter 14, of the code, provides as follows:
"'I he jurisdiction of the court shall not extend to any claim:
2. For injury to or death of an inmate of a state penal institution.”
Counsel for claimant has filed an able brief, citing many authorities in support of the proposition that the industrial school for boys at Pruntytown is not a penal institution. Counsel for the state have likewise filed able briefs in support of the motion to dismiss the claim on the ground that said school is, in truth and fact, a penal institution. .Members of the court have devoted much time to the consideration of the question, and are not in agreement.
We deem it unnecessary to discuss the various authorities cited by counsel for claimant and counsel for the state.
Majority members of the court are cf opinion that the West Virginia industrial school for boys at Pruntytown, is a penal institution within the contemplation and meaning of section 14 of the court act. and that the jursdiction of the Court of Claims to entertain the claim in question is excluded by the act.
Judge Schuck does not agree with the judgment of majority members of the court and will file a dissenting opinion.
The motion of the attorney general to dismiss the claim will be sustained, and the claim is accordingly dismissed.